# EWING v. UNITED STATES EX REL. FOWLER CAR COMPANY.

MANDAMUS; DISCRETION; PATENTS; INTERFERENCE.

1. The finding of an interference is a matter confided to the discretion of the Commissioner of Patents. (Citing *United States ex rel. Trussed Concrete Steel Co.* v. *Ewing*, 42 App. D. C. 179.)
2. Where official or judicial discretion is reposed in an executive or judicial officer, the exercise of that discretion cannot be controlled by mandamus. The remedy, however, may be invoked to compel the officer to act.
3. Where the Commissioner of Patents advised an applicant for a patent that there was pending another application containing substantially the same invention and required him to set forth the dates of his conception, disclosure, and reduction to practice, in order to determine whether it was necessary to declare an interference, and, when he had done so, wrote him that the dates of his invention were subsequent to the filing date of an undisclosed applicant and refused to declare an interference,—it was *held* that mandamus would lie to compel the Commissioner to declare an interference, as it was apparent that one existed between the two applicants, and that being the case the Commissioner had no right under the statutes to refuse to declare one.

No. 2924.   Submitted April 3, 1916.   Decided April 24, 1916.

HEARING on an appeal by the respondent, the Commissioner of Patents, from a judgment of the Supreme Court of the District of Columbia granting a writ of mandamus to compel the respondent to declare or direct an interference between the application of the petitioner for a patent and the application of an undisclosed applicant.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment of the supreme court of the District of Columbia awarding appellee, the Fowler Car Com-

pany, petitioner below, a writ of mandamus commanding appellant, Thomas Ewing, the Commissioner of Patents, to declare, or direct to be declared, an interference between petitioner's application for a patent and the application of an undisclosed applicant for a patent for a similar invention.

It appears that on November 18, 1915, the Commissioner wrote a letter to petitioner's attorney stating that there was another application pending in the Patent Office, containing substantially the same invention as that defined in seven claims set out in full in the letter. After setting out the claims, the letter contained the following request: "In order to determine whether it is necessary to declare an interference, you are requested to obtain a statement from Fowler, setting forth when he conceived the invention defined in the above-quoted claims, when he disclosed it to others, and when he reduced it to practice. This statement will not be made a part of the record and will be returned to you."

Shortly thereafter, on November 23, 1915, petitioner's attorney wrote the Commissioner, inclosing the following communication from petitioner: "In response to your request I beg to say that I conceived the subject-matter of the claim quoted in your letter on or about April 16, 1915, disclosed the same to others, and made drawings on or about the same date, and have not reduced the invention to practice by constructing any full-sized devices."

On the same date, petitioner, through his attorney, filed an amendment to his application, inserting the claims suggested in the Commissioner's letter, with the following statement: "It is thought that these claims appear in a copending application, and they are inserted at this time with the request that, if such claims do appear in a copending application, an interference be declared." On December 10, 1915, the Commissioner replied to petitioner's attorney, as follows: "The dates of invention claimed by Fowler are subsequent by several months to the filing date of the application of the other party. The other party's case will be passed to issue as soon as possible, and when

patented will be cited as a reference against such claims in Fowler's application as it may be found to anticipate."

The Commissioner's return to the rule to show cause is based upon the ground that petitioner's date of conception is several months subsequent to the date on which the other application was filed, and that this finding justifies the Commissioner in refusing to declare an interference.

*Mr. Robert F. Whitehead,* for the appellant:

Mandamus will not lie to control the discretionary action of the Commissioner of Patents. *Butterworth* v. *Hoe,* 112 U. S. 50; *United States ex rel. Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316; *United States ex rel. Trussed Concrete Steel Co.* v. *Ewing,* 203 O. G. 931, 42 App. D. C. 179.   The writ will be granted only to direct the performance of some act or duty which the law requires to be performed and in which the application for the writ has a substantial legal interest.   A mere commercial interest will not justify the issuance of the writ. *Seymour* v. *United States,* 79 O. G. 509, 10 App. D. C. 567, and cases cited; *United States ex rel. Alsop Process Co.* v. *Wilson,* 33 App. D. C. 472.   Liability to suit for infringement will not constitute such a legal interest in the matter as will justify the issuance of a writ of mandamus directing the Commissioner of Patents to allow the petitioner for the writ to oppose the grant of a patent.   *United States ex rel. National Phonograph Co.* v. *Allen,* 101 O. G. 1133.

*Mr. Melville Church* and *Mr. Charles C. Linthicum,* for the appellee, in their brief cited:

*Christensen* v. *Noyes,* 15 App. D. C. 94; *Commissioner of Patents* v. *Whitely,* 4 Wall. 522; *Hudson* v. *Parker,* 156 U. S. 277; *National Cash Register* v. *Ewing;* *Parker, Ex parte,* 120 U. S. 737; *Roberts* v. *United States,* 176 U. S. 221–231; *Seymour* v. *Brodie,* 10 App. D. C. 567; *Swift & Co.* v. *United States,* 111 U. S. 22; *Trussed Concrete Steel Co.* v. *Ewing,* 42

App. D. C. 179; *United States ex rel. Todd* v. *Gongwer,* 37 App. D. C. 555; *United States ex rel. Rodriguez* v. *Bowyer,* 25 App. D. C. 121.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Concededly, the Commissioner found that an interference existed between the pending applications, but to avoid what he deemed must, in all probability, result in fruitless litigation, he refused to declare an interference. It is urged by counsel for petitioner that, having found the existence of an interference, the Commissioner is without discretion to refuse its declaration. That the finding of an interference is a matter confided to the discretion of the Commissioner was held by this court in *United States ex rel. Trussed Concrete Steel Co.* v. *Ewing,* 42 App. D. C. 179, where the court in its opinion said: "The determination of the existence of an interference is confided by the statute to the judgment and discretion of the Commissioner of Patents; and whether in the exercise of that judgment in the present case he was right or wrong, the conclusion was a possible one, and is not subject to review by mandamus. *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356."

But we have here a different case. Not only had an interference been found to exist, but the claims in interference were suggested in the Commissioner's letter to petitioner. Section 4904, Rev. Stat. U. S. Comp. Stat. 1913, § 9449, defining the procedure in the Patent Office when the Commissioner is of opinion that an interference exists between pending applications, reads as follows: "Whenever an application is made for a patent which, in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be, and shall direct the primary examiner to proceed to determine the question of priority of invention. And the Commissioner may issue a patent to the party who is adjudged the prior inventor, unless the adverse

party appeals from the decision of the primary examiner, or of the Board of Examiners in Chief, as the case may be, within such time, not less than twenty days, as the Commissioner shall prescribe."

Section 483, Rev. Stat. Comp. Stat. 1913, § 745, confers upon the Commissioner of Patents, subject to the approval of the Secretary of the Interior, the power to "establish regulations, not inconsistent with law, for the conduct of proceedings in the Patent Office." In the exercise of this power the following regulations, constituting the rule of procedure in such cases, and having the force of statute while in existence, were promulgated and put in force:

"93. An interference is a proceeding instituted for the purpose of determining the question of priority of invention between two or more parties claiming substantially the same patentable invention. The fact that one of the parties has already obtained a patent will not prevent an interference; for, although the Commissioner has no power to cancel a patent, he may grant another patent for the same invention to the person who proves to be the prior inventor.

"94. Interferences will be declared in the following cases, when all the parties claim substantially the same patentable invention:

"(1) Between two or more original applications containing conflicting claims."

The limitations upon the power of courts to control executive or judicial officers by mandamus are well defined. Where official or judicial discretion is reposed in such an officer, the exercise of that discretion cannot be controlled by mandamus. The remedy, however, may be invoked to compel the officer to act. As we have observed, the Commissioner may not be compelled to find the existence of an interference. Neither can he be compelled to decide the issue raised in a particular way. But we are here asked to compel action,—not to control discretion. Congress has created a statutory right in applicants for patents, when conflict is found by the Commissioner to exist between pending applications in the Patent Office. The mere finding of

the existence of such a conflict presents an issue which justice demands shall be litigated between the parties. In the case of conflicting applications, Congress has provided a tribunal and procedure for ascertaining who, in fact, is the real inventor and entitled to priority and the patent. The statute is mandatory upon the Commissioner to permit the parties, or either of them, to invoke its aid. The Commissioner has no more power to refuse to put the machinery of the law in operation by declaring an interference and taking jurisdiction of such a case, than this court would have to refuse to take jurisdiction of an appeal taken in accordance with the law and the rules governing its appellate procedure.

The procedure provided by statute for the protection of the rights of the citizen, whether in the courts or in the departments of the government, is mandatory upon the officers charged with its administration. No rule of convenience to avoid delays caused by the great volume of business, or for any other reason, will justify such a departure from the course of procedure defined, as will deprive an appliant for a patent of his statutory rights. It may well be that, in the great majority of cases, a litigant in the position of petitioner cannot possibly prevail in the course of litigation following the declaration of an interference. But it is designed for the protection of the property rights of the small minority who may be found entitled to prevail.

If the welfare of the public business demands an amendment of the procedure, it is a matter for the legislative department of the government, and not for the executive or judicial departments. The finding by the Commissioner of the existence of an interference raises an issue between the parties upon which they are entitled to be heard, and the statute points out the remedy. When this stage is reached, the statute provides for an adjudication "to determine the question of priority of invention." It is not possible for the Commissioner by any short cut he may devise to deprive the applicant of this right. He is required to put the machinery of the law in operation by the

declaration of the interference as prescribed by the rules. No discretion is reposed in him. The duty is imperative.

The judgment is affirmed, with costs.          *Affirmed.*

An application for the writ of certiorari was granted by the Supreme Court of the United States November 20, 1916.